**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4411

_____

UNITED STATES OF AMERICA

v.

DANIEL TIMOTHY MALONEY,
                                         Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-04-cr-00116-001)
District Judge: Hon. Alan N. Bloch

_____

Submitted under Third Circuit LAR 34.1(a)
September 9, 2013

Before: SMITH, ALDISERT and SLOVITER, Circuit Judges.

(Filed: September 10, 2013)

_____

OPINION OF THE COURT

_____

ALDISERT, Circuit Judge.

Daniel Timothy Maloney appeals from a final judgment of the United States

District Court for the Western District of Pennsylvania imposing a 24-month sentence of

imprisonment for violation of various supervised release conditions. This appeal requires

us to decide whether the Court abused its discretion by imposing a sentence that exceeds the advisory Sentencing Guidelines range by six months. We conclude it did not and will affirm the judgment of the District Court.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

Maloney was convicted and sentenced to 87 months' imprisonment followed by 36 months' supervised release for robbing a bank. During his supervised release, Maloney was required to submit to drug testing, pay restitution, and refrain from the unlawful use of controlled substances. He violated these conditions, and the District Court held a revocation hearing, at which the Court considered Maloney's extensive history of substance abuse and decided to continue the hearing pending his voluntary and successful completion of a 28-day inpatient drug treatment program. The Court emphasized that any further violation of the conditions of his supervised release would result in imposition of a sentence of imprisonment.

Maloney successfully completed his 28-day inpatient treatment, but thereafter again violated the conditions of his supervised release. At a subsequent revocation hearing, the Court gave Maloney the option of going to prison or entering an inpatient treatment program. When Maloney informed the Court that he preferred to enter an inpatient program, and that he had a particular program in mind, the Court informed Maloney that he would need to attend "the inpatient program that the Probation Office makes arrangements for, not [his own] choice of program." App. 146.

Maloney, however, disobeyed the Court's instruction by checking himself into a program, without any arrangements through the Probation Office. The Court reconvened

2

the revocation proceeding when it learned that Maloney was being "uncooperative" and "disregarding the rules of [that] program." App. 157. At this third and final hearing on November 15, 2012, the Court calculated Maloney's Sentencing Guidelines range to be 12 to 18 months' imprisonment for possession of a controlled substance in violation of the terms of his supervised release, and allowed Maloney's attorney to make recommendations for a sentence of non-incarceration. At the close of the hearing, the Court stated:

> Your continued involvement in illegal narcotics is especially troublesome, in light of your extensive criminal history. This illustrates your continued disregard for the law and your unwillingness to comply with the law. Indeed, you have so little regard for the seriousness of your conditions of release that you actually appeared at your prior violation hearing under the influence of drugs and alcohol.

> Your behavior is not indicative of someone who is genuinely seeking to turn his life around, and a sentence of incarceration above the recommended guideline range is needed to provide adequate punishment, to promote respect for the law, and to have any meaningful impact on deterrence.

App. 164-165. It then sentenced Maloney to the statutory maximum of 24 months' imprisonment. Maloney timely appeals.[1]

## II.

"[W]hile the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant, courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a)(1), which authorizes the appeal of sentences "imposed in violation of the law." See United States v. Cooper, 437 F.3d 324, 326-328 (3d Cir. 2006).

(2007).[2]

First, we must "ensure that the district court committed no significant procedural error." United States v. Sevilla, 541 F.3d 226, 230 (3d Cir. 2008). To determine whether a district court committed procedural error we examine whether it (1) correctly calculated the applicable Sentencing Guidelines range, (2) ruled on all motions for departure, and (3) exercised its discretion in sentencing by considering the 18 U.S.C. § 3553(a) factors. United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006). If the district court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Gall, 552 U.S. at 50. After settling on the appropriate sentence, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review." Id.

Next, "[i]f we determine that the district court has committed no significant procedural error, we then review the substantive reasonableness of the sentence," Sevilla, 541 F.3d at 230 (internal quotation marks and citations omitted), examining "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in § 3553(a)." United States v. Merced, 603 F.3d 203, 214 (3d Cir. 2010) (internal quotation marks and citations omitted). We will affirm "unless no reasonable sentencing court would have imposed the same sentence on [the] particular defendant for

---

[2] Although Maloney's attorney did not, at the close of sentencing, object to the District Court's alleged failure to meaningfully consider all relevant § 3553(a) factors, counsel did, during the hearing, raise facts relating to those factors in support of a sentence of non-incarceration. Accordingly, counsel did not need to re-raise the issue to avert plain error review, notwithstanding the Government's arguments to the contrary. See United States v. Sevilla, 541 F.3d 226, 231 (3d Cir. 2008) (defendant is deemed to have preserved his objection when "during sentencing proceedings [he] properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)").

the reasons the district court provided." Id. (internal quotation marks and citations omitted).

Additional considerations apply when, as here, a district court imposes a sentence for violation of supervised release conditions. United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007). "[A] [s]entence is imposed for violations of supervised release primarily to sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." Id. at 544 (internal quotation marks and citations omitted). "[The] sentencing ranges set forth in the revocation table at U.S.S.G. § 7B1.4(a) are merely advisory." Id. (internal quotation marks and citations omitted).

A.

We conclude that the District Court did not commit any procedural error. The record shows that the Court provided a thorough and detailed explanation of why a sentence of incarceration above the Sentencing Guidelines range was warranted. The Court considered the nature and circumstances of the offense and Maloney's history and characteristics. Maloney was instructed by the Court to enter an inpatient drug treatment program of his probation officer's choosing. Instead, Maloney checked himself into a drug treatment program and then "fail[ed] to make a good faith effort to comply with the conditions of [his] drug treatment." App. 157. The Court noted that this violation was only one of many committed during his supervised release, noting that he had used heroin and consumed alcohol immediately before his last revocation hearing. It concluded that Maloney's behavior was "not indicative of someone who is genuinely seeking to turn his life around," id. at 164, and that a sentence of incarceration exceeding the Sentencing Guidelines range was "needed to provide adequate punishment, to promote respect for

5

the law, and to have any meaningful impact of deterrence," id. at 164-165. We are therefore satisfied that the Court gave meaningful consideration to the § 3553(a) factors and adequately explained its decision to impose an outside-Guidelines sentence.

B.

We conclude also that the sentence imposed by the District Court was not substantively unreasonable. Maloney "disregard[ed] . . . the Court's order that [he] enter a program arranged by the probation officer," "fail[ed] to make a good faith effort to comply with the conditions of [his] drug treatment," and committed various other violations of his supervised release. App. 157-158. As the District Court concluded, these violations, in the aggregate, demonstrated a "disregard for the law." App. 154. We do not conclude that "no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided," see Merced, 603 F.3d at 214, and accordingly we are satisfied that the sentence was substantively reasonable.

*   *   *   *   *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.